83,514-01

Mario Meza 1829227
Huntsville Unit, 815 12TH St.
Huntsville, TX 77348
7/6/15

Clerk, Abel Acosta
Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711

Dear Sir:                    Re: Ex parte Mario Meza, Trial Ct.
                             No. 11-CR-0345-83-1. 10TH District
                             Court of Galveston County, Texas.

        Enclosed please find an original and five copies of Objection

to Findings of Fact and Conclusions of Law in the above styled and

numbered casuse. I do not yet have the case number in the Court

of Criminal Appeals. Please furnish that number and file this among

the other documents in this matter and bring it to the attention

of the Court.

        Thank you for your kind assistance in this matter.

                                    Sincerely,
                                    M. Meza

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 10 2015
Abel Acosta, Clerk

cc: Galveston Co. Dist Atty.
    10TH Dist. Ct.
    file
    Encl.

IN THE TEXAS COURT OF CRIMINAL APPEALS
AUSTIN TEXAS

EX PARTE MARIO GUADALUPE MEZA     §

§   NO.      _____

APPLICANT           §   Trial Ct. No. 11-CR-0345-83-01

## OBJECTIONS TO THE FINDING OF FACT AND CONCLUSIONS OF LAW

COMES NOW Mario Meza and files this Objections to the Findings of Fact and Conclusions of Law, and in support thereof would show as follows:

I

There are still controverted issues of fact that would entitle Meza to relief. There is no evidence in the State's answers whatsoever that would influence a ruling on the relief sought here. It was a general denial with very little fact in it, and it had even less law. Counsel's affidavits actually show Meza is entitled to relief.

II

First of all, the State's answer and supplemental answer are virtually devoid of any type of facts or applicable law. It is nothing more than a general denial. Thus, it is hard to conceive how any fact therein could be considered credible. The facts remained unresolved at this time. Meza has shown that the law is squarely in favor of the relief sought as well.

III

The affidavits of the attorneys have clearly shown that Meza is entitled to relief as well. The appellate attorney signed a sworn to affidavit that trial counsel was ineffective on the deadly weapon finding issue of application of the law in the jury charge. He aslo stated he did not include some meritorious issues on appeal for lack of time, not for any strategic reasons. He did not know that

should have sonsulted an expert to prepare the appeal. With the state of all arson investigation in a state of flux and new techniques emerging that would have shown Meza did not commit the arson, because there was no arson commited. If there was an arson then it was committed by the owner of the property, but the attorney did not investigate the facts concerning the owner's finances and whare all teh personal property that had been in the house was at the time of the fire. Trial counsel did not attempt to have an application instruction added to the deadly weapon finding instructions in the jury charge. There was no evidence that anyone was placed in danger by the fire. Only the fire marshal testified as to the fire. When he arrived the firemen "were in a defensive position outside the house spraying it with water. The trial attorney did not hier an expert because he said Meza did not have funds to do so. He obvisously did not know the law. The video of the incident was alos of questionable origins, but he did not hire a video expert, for the same reasons. He did not know the law would allow funds for an expert even if Meza had paid him. Meza was entitled to the services of two experts, at least to consult, if not to testify. No person was said to have been placed in actual danger of death or serious bodily injury by the fire. Maybe hearsay, but there was no direct evidence of such here.

IV

There are facts and law that are in serious dispute here. This Court should consider remanding this case for further findings of fact and real conclusions of law.


page 2 Objections/Meza

Meza respectfully requests that an evidentiary hearing be conducted so that the facts can be fully developed, as the facts have not even been closed to resolved in the instant case. Meza has not been given a full and fair opportunity to present the facts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Meza prays that this Court remand this habeas 11.07 to the trial court to reach the facts and resolve the factual dispute by an evidentiary hearing or other methods if not an evidentiary hearing, and to make some sembalance of fidnings of law.

Respectfully submitted,

Date: July 6, 2015

Mario Meza

## CERTIFICATE OF SERVICE

I, Mario Meza, do hereby declare that on the date indicated below a true and correct copy of the foregoing instrument was sent to the Galveston County, Texas District Attorney and to the 10TH District Court of Galveston County, Texas by first class U.S. Mail, postage prepaid.

Date: July 6 2015

Mario Meza #1829227
Huntsville Unit
815 12TH St.
Huntsville, TX 77348

page 3 Objections/Meza